Filed 2/14/25  P. v. McFarland CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>MAURICE MCFARLAND,<br><br>        Defendant and Appellant. | A169818<br><br>(Alameda County Super. Ct.<br> No. 105777) |

**MEMORANDUM OPINION**[1]

Defendant Maurice McFarland appeals from an order denying his petition to reduce his 1991 conviction for second degree robbery from a felony to a misdemeanor.  The trial court held that McFarland was ineligible for relief under Penal Code[2] section 17, subdivision (b) and that he was also ineligible for relief under section 1203.4 because he was still in custody. McFarland's appointed counsel on appeal filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), and McFarland did not file a supplemental brief.  Having conducted an independent review of the record pursuant to the holding in *Wende*, we affirm.

_____

[1] We resolve this case by memorandum opinion because it raises no substantial issue of fact or law.  (Cal. Stds. Jud. Admin., § 8.1.)

[2] All further statutory references are to the Penal Code.

1

In December 1990, McFarland was charged with one count of robbery, a felony.  (§ 211.)  In January 1991, he pled guilty to second degree robbery.  (*Ibid*.)  Pursuant to the terms of his negotiated plea agreement, the trial court sentenced McFarland to three years of formal probation, including one year in county jail.

In September 2023, McFarland filed a petition to reduce his second degree robbery conviction to a misdemeanor pursuant to section 17, subdivision (b).[3]  At the October 2023 hearing, the trial court denied the petition, holding that McFarland was ineligible for relief because he was convicted of second degree robbery.  The court additionally held that he was ineligible for relief under section 1203.4 because he was currently in custody.  McFarland timely appealed.

The *Wende* brief filed by McFarland's counsel does not draw our attention to any issues under *Anders v. California* (1967) 386 U.S. 738, 744.  McFarland was apprised of his right to file a supplemental brief but did not file one.  Following *Wende* guidelines, we have conducted an independent review of the record and conclude that there are no meritorious issues to be argued on appeal.

## DISPOSITION

The judgment is affirmed.

---

[3] Section 17, subdivision (b) "authorizes the reduction of 'wobbler' offenses—crimes that, in the trial court's discretion, may be sentenced alternately as felonies or misdemeanors—upon imposition of a punishment other than state prison (§ 17(b)(1)) or by declaration as a misdemeanor after a grant of probation (§ 17(b)(3))."  (*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 974.)  Robbery is not a wobbler offense.  (See § 211.)

2

CHOU, J.


We concur.


JACKSON, P. J.
SIMONS, J.


(A169818)